* Avert, J.
The questions to be determined in the present .case all arise out of proceedings said to be authorized in section 11 of the charter.
For the construction of this road, as well as all other railroads, turnpike roads, other public roads, and canals, power was intended to be given to the extent necessarily required for accom *406 plishing the object. Such a power has been so often conferred, and so long sanctioned by the courts of the country, that np one appears now to dispute the right to grant it. In carrying on and completing a work like this, as it must pass over the promises of a great many land-owners, a provision for ascertaining the damages to any of them, by the judgment of disinterested persons, becomes indispensable. In estimating the damages occasioned by railroads and canals, election is always given to estimate and deduct the benefits, and this mode of fixing the amount to be paid to the owner of property has received the sanction of our courts. In the course of proceeding authorized by this charter there is nothing unusual, and we have only to see whether that which has been actually pursued is in conformity with its requisitions, or if not in exact conformity, whether the proper remedy of the injured party has in the present ease been adopted. The charter-provides that the company may take possession of all lands indispensable for the construction and maintenance of the road, but that the lands thus entered upon shall be purchased at a price agreed upon; and in case of disagreement, disability of the owner to contract, or his absence from the country, application may be made to any judge of the court of common pleas, who shall thereupon issue his warrant to the sheriff. This warrant requires him to summon three freeholders, not stockholders, nor otherwise interested, who shall value the damages and reduce their valuation to writing. From such valuation either party may appeal to the common pleas; and that court, for good cause shown, may order a new valuation, and on final hearing the court shall award costs-according to equity. In this case two of the land-owners, being ^dissatisfied, did appeal. They carried their appeal into-court; they of course intended to make it available, and give to the appellate court jurisdiction, and in truth they complied so-minutely with the directions of the law, that the court did without doubt obtain complete jurisdiction.
If this be so, what next was to be done by the parties taking-the appeal ? The statute provides for the case by authorizing a new valuation and a final hearing. Now, instead of proceeding under the appeal, the parties who brought it into court sought to treat it as a nullity, or to convert it into a certiorari. Appeals can not be used for such a purpose ; no principle or practice authorizes it, and it is only necessary to describe the proceedings to see- *407 that in this there is error. Even if the defects alleged to appear upon the face of the warrant could have been properly noticed after the appeal, for the purpose of quashing the warrant, they are not supposed to be fatal in the case. Yet here is an important interest, that must at all times, and by some mode of proceeding, be fully protected. There should indeed be a provision for securing it in the early stages of the proceeding. In the section authorizing the appropriation, no specific mode of redress is indicated.
The objection first named, concerning “such lands as may be-indispensable for the road,” is the only one that can be of much interest to the owner, and we see no reason why that may not be a subject of inquiry before the common pleas, under the appeal. We consider the parties when there as having lost no right which previously existed; and as the land appropriated would perhaps-in some cases far exceed the quantity deemed necessary for the road, the court might be induced to refuse a valuation. But whatever may be the proper remedy for any alleged grievance of the land-owner, the proceedings ,by the appellants in this case can not be sustained.
There was error in these orders of the court of common pleas, and they will therefore be reversed.
Read, J., dissented.